1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| COWLITZ COUNTY, et al., | CASE NO. _____ |
| Plaintiffs, | NOTICE OF REMOVAL OF CIVIL ACTION |
| v. | |
| UNIVERSITY OF WASHINGTON, et al., | |
| Defendants. | |

The United States hereby gives notice pursuant to 28 U.S.C. § 1446(a) of the removal of this action to this Court from the Superior Court of the State of Washington, in and for Cowlitz County, Washington (Cowlitz County Superior Court). Plaintiffs Cowlitz County and Cowlitz County Youth Services Center (Cowlitz County) seek a declaratory judgment authorizing the release of federal records pertaining to juvenile detainees in federal custody pursuant to a state records request by Defendants University of Washington and Angelina Snodgrass Godoy. The United States has intervened as a party to prevent the disclosure of these documents, as disclosure is prohibited under federal law.

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 1

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613

## FACTUAL BACKGROUND

In 2001, pursuant to its statutory authority under the Immigration and Naturalization Act (INA), 8 U.S.C. §§ 1231(g)(1)-(2) and 1103(a)(11), the Immigration and Naturalization Service entered into an "Intergovernmental Service Agreement for Housing Federal detainees" with Cowlitz County to provide detention and care of U.S. Immigration and Customs Enforcement (ICE) juveniles detained under the INA.  In July 2018, Defendants submitted a public records request to Cowlitz County pursuant to Washington's Public Records Act (PRA), RCW § 42.56.080, *et seq*., seeking the "jail files" of immigrant minors detained on behalf of ICE.   Upon receipt and review of Defendants' PRA request, ICE advised Cowlitz County that they were not authorized to release the requested "jail files" because they are federal records belonging to ICE, and the County was prohibited by law from disclosing them.  *See* 8 C.F.R. § 236.6.

On February 1, 2019, Cowlitz County filed this lawsuit in Cowlitz County Superior Court, Case No. 19-2-00099-08, seeking a declaratory judgment sanctioning the release of the requested documents under state law.  Compl. (Dkt. No. 1) (attached hereto as Ex. A).  On May 30, 2019, the United States filed an unopposed motion to intervene as a matter of right pursuant to Washington Superior Court Civil Rule 24(a), which mirrors Federal Rule of Civil Procedure 24(a), as a party defendant in this action.  Although the motion was initially unopposed, several months after its filing, Defendants filed an objection to the United States' motion to the extent the United States sought intervention as a party defendant, rather than as a party plaintiff.  Both Cowlitz County and the United States challenged Defendants' position, asserting that Plaintiffs' claim presents a question of federal statutory interpretation, in which the United States' interests are directly adverse to those of Plaintiffs.

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 2

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613

Notwithstanding Cowlitz County's and the United States' agreement on that issue, the court sided with Defendants. By order of December 10, 2019, and without issuing an opinion setting forth any analysis, the court granted the United States' motion to intervene, but as a plaintiff, not defendant.

## GROUNDS FOR REMOVAL

In light of the United States' substantive position relative to the issue in dispute, removal is appropriate. "A civil action . . . that is commenced in a State court and that is against or directed to [the United States or any agency thereof] may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending." 28 U.S.C. § 1442(a)(1). In applying the general standards for removal, the substantive underpinnings of the original claim for relief controls, particularly when the existence of a federal question provides a basis for removal. *See* 14C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 3734 (Rev. 4th ed.). Section 1442's purpose and history confirm that the statute was meant to ensure as a matter of right that federal defenses raised by federal actors are evaluated in a federal forum and "should not be frustrated by a narrow, grudging interpretation" of the provision. *Willingham v. Morgan*, 395 U.S. 402, 407 (1969) ("In cases like this one, Congress has decided that federal officers, and indeed the Federal Government itself, require the protection of a federal forum.").

This case turns on a fundamental federal question—whether applicable state law is preempted by federal law prohibiting the disclosure of the records at issue. Cowlitz County has brought a claim "directed to" the United States by seeking a declaratory judgment authorizing the disclosure of federal documents, which ICE asserts are prohibited from disclosure under federal law. Compl. at 7-8 (prayer for relief). Substantively, Cowlitz County's desired outcome

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 3

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613

in this case is directly adverse to the United States' interests.  Accordingly, the United States removes this case to the United States District Court.

Pursuant to 28 U.S.C. § 1446(b), the filing of this notice is timely.  Notice of removal may be filed within 30 days of receipt of an order or other paper from which it may first be ascertained the case is one which is or has become removable. *See* 28 U.S.C. § 1446(b).  This action first became removable on December 10, 2019, when the Cowlitz County Superior Court entered the order granting the motion of the United States to intervene as a party.  This filing is within 30 days of that order, and therefore this removal is timely.

Pursuant to Local Rule CR 101(b)(2), a certificate of service which lists all counsel who have appeared in this action is herewith included.  This Notice of Removal will be promptly filed with the clerk of the Cowlitz County Superior Court.  *See* 28 U.S.C. § 1446(d).  Pursuant to Local Rule CR 101(b)(1), a copy of the complaint is attached as Attachment A.  No Jury Demand was filed in the state court; therefore, there is no such document to be filed contemporaneously with this notice of removal.  *See* LCR (b)(3).

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 4

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613

Dated: December 30, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

JACQUELINE COLEMAN SNEAD
Assistant Branch Director


s/ Alexis J. Echols
ALEXIS J. ECHOLS
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW, Room 11304
Washington, D.C. 20005
Telephone: (202) 305-8613
Facsimile: (202) 616-8460
E-mail: alexis.j.echols@usdoj.gov

*Attorneys for the United States*

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 5

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 30th day of December 2019, I electronically filed the foregoing "NOTICE OF REMOVAL OF CIVIL ACTION" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants identified below.

I further certify under penalty of perjury that on this 30th day of December 2019, I caused to be e-mailed and placed in the United States mail (first-class, postage prepaid), a copy of the foregoing "NOTICE OF REMOVAL OF CIVIL ACTION" addressed as follows:

Douglas E. Jensen
Hall of Justice – Civil Division
312 S.W. First Avenue
Kelso, Washington 98626
jensend@co.cowlitz.wa.us

Eric M. Stahl
Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, Washington 98107
ericstahl@dwt.com

Nancy S. Garland
Washington Attorney General's Office
University of Washington Division
4333 Brooklyn Avenue NE, 18th Floor
Seattle, Washington 98195-9475
nancysg@uw.edu

s/ Alexis J. Echols

ALEXIS J. ECHOLS

NOTICE OF REMOVAL OF CIVIL ACTION
CASE No. _____
PAGE - 6

DEPARTMENT OF JUSTICE
Civil Division
Federal Programs Branch
1100 L Street N.W.
Washington, D.C. 20005
(202) 305-8613