# EXHIBIT A

19 – 2 – 00099 – 08
CMP          1
Complaint
4812956

FILED MT
SUPERIOR COURT

'19  FEB -1  A10 :39

COWLITZ CO. CLERK
STACI L. MYKLEBUST

BY____

148

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON**
**IN AND FOR THE COUNTY OF COWLITZ**

COWLITZ COUNTY, a political subdivision
of Washington, and COWLITZ COUNTY
YOUTH SERVICES CENTER, a department of
Cowlitz Superior Court,

No. **19  2  00099  08**

                        Plaintiffs,

vs.

**COMPLAINT FOR**
**DECLARATORY RELIEF**

UNIVERSITY OF WASHINGTON, an agency
of the State of Washington, and ANGELINA
SNODGRASS GODOY, an employee of the
University of Washington,

                        Defendants.

## I.    INTRODUCTION

This is a declaratory judgment action to obtain a judicial determination in response to a

request for records from Defendants and sent to Plaintiffs, as set forth below.

By way of complaint against the defendants University of Washington and employee,

Angelina Snodgrass Godoy, Center for Human Rights of the University of Washington,

(hereinafter collectively 'University'), the plaintiffs Cowlitz County and the Youth Services

Center, Cowlitz County Superior Court (hereinafter collectively 'County'), allege as follows:

## II.    JURISDICTION AND PARTIES

1.    Jurisdiction of this Court is invoked pursuant to RCW 7.24.010.  This action

presents a justiciable controversy between the County and University regarding the County's

statutory obligations on a University public records request to County, as set forth below.

COMPLAINT FOR DECLARATORY RELIEF - 1

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 S.W. First Avenue
Kelso, Washington  98626
(360) 577-3080  FAX (360) 414-9121



1        2.    Plaintiff Cowlitz County is a political subdivision of the state of Washington.

2        3.    Plaintiff Youth Services Center is a juvenile department of the Cowlitz County

3 Superior Court of the state of Washington, pursuant to RCW 13.04.035, whose public records

4 are administrated pursuant to state GR 31.1(k)(1)(i) and Cowlitz GR 31.1, § 3.0.

5        4.    Defendant University of Washington is an agency of the state of Washington under

6 RCW 28B.07.030(1) and Ch. 28B.20 RCW, exercising essential governmental functions.

7        5.    Defendant Angelina Snodgrass Godoy is an employee and Director of the Center

8 for Human Rights of the University of Washington.

9        6.    Venue in Cowlitz County is appropriate under RCW 4.92.010.

10            **III.    STATEMENT OF FACTS**

11        7.    On June 5, 2018, University made a (**first**) request for records to County, as set

12 forth below and in attached Exhibits **A** & **B**:

13 PUBLIC RECORDS REQUEST

14 I'm writing to submit a public records request for copies of records from the Cowlitz County
Juvenile Detention Center. Specifically, I am interested in reviewing records showing the number
15 of minors housed in Cowlitz County juvenile facility for ICE/ORR between June 1, 2013, and
June 1, 2018, and the length of detention of each minor.

16 ICE has released data showing that the Cowlitz Co Juvenile facility is one of 3 facilities in the
nation approved to house unaccompanied minors for ICE/ORR for a period exceeding 72 hours.
17 At the UW Center for Human Rights, we are seeking to understand how often this actually
occurs.

18 Please note that under RCW 70.48.100, access to otherwise confidential potions of inmates' jail
records is allowed to "higher education institutions of Washington state.for the purpose of
19 research in the public interest." We do not object to the redaction of individual inmates' names,
social security, or A#s to protect their privacy.
20

21        8.    On June 11, 2016, County responded to University's request for records,

22 advising that this public records request from the University would be addressed by County

23 under Cowlitz County Superior Court General Rule (GR) 31.1.  However, County also advised

24 the University that County would not be asserting GR 31.1 exemptions to disclosure, and that

25 County would need approximately thirty (30) days within which to respond, as set forth in

26 attached Exhibits **C** and **D**.

COMPLAINT FOR DECLARATORY RELIEF - 2

1    9.    By June 20, 2108, the County provided third-party notice (mimicking the notice

2    provisions of RCW 42.56.520(2) ("Additional time required to respond to a request may be

3    based upon the need …to notify third persons or agencies affected by the request…") ) to the

4    United States Immigration and Customs Enforcement, Department of Homeland Security

5    (ICE/DHS), regarding juvenile ICE/DHS detainees, as set forth in Exhibit **E**.  County is a

6    contract services provider to ICE/DHS for use of County's Youth Services Center, juvenile

7    detention facility for ICE/DHS juvenile detainees.

8    10.    On June 28, 2018, ICE/DHS responded to County's proposed initial release of

9    public information with "It looks good", as set forth in attached Exhibit **F**.

10    11.    On July 9, 2018, County responded by email to University with records and

11    information, as set forth in attached Exhibit **G**.

12    12.    Upon receiving County's response, on July 10, 2018, the University made a

13    **second** request to County for "copies of records showing the number of minors housed in

14    Cowlitz County juvenile facility for ICE/ORR between June 1, 2013, and June 1, 2018; the

15    book-in or arrival date; and the length of detention of each minor", and County provided the

16    documentation by July 16, 2018, set forth in attached Exhibits **H & I**.

17    13.    Upon receiving County's response and documents on this second request on

18    July 18, 2018, the University made a **third** request to County for documentation, as set forth

19    below and in attached Exhibit **J**:

20    Thank you for this very helpful response to my public records request.
     I would like to file an additional request, which involves the same underlying data about
21    ICE detainees at the Cowlitz juvenile facility.
     Specifically, I would like to review:
22    1) A copy of IGSA, MOU, or underlying agreement between Cowlitz County and ICE that
     allows the detention of minors for ICE in Cowlitz County facilities.
23    2) The complete jail file (redacted to conceal personally-identifying information) of all
     minors housed in Cowlitz County facilities for ICE from 1/1/2015-7/15/2018. (Please note
24    that under RCW 70.48.100, access to otherwise confidential potions of inmates' jail
     records is allowed to "higher education institutions oᶠ Washington state for the purpose of
25    research in the public interest.")

26

COMPLAINT FOR DECLARATORY RELIEF - 3

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 S.W. First Avenue
Kelso, Washington  98626
(360) 577-3080  FAX (360) 414-9121

14.     On July 19, 2018, County responded by email to University that "[g]iven the scope of your request … research [on] responsive records … [was] anticipated to take 60 days from the date of this letter", as set forth in attached Exhibits **K** & **L**.

15.     On August 3, 2018, the University made a **fourth** request to County for documentation, to which the County responded by email on that same date that this request appeared duplicative of the University's third request.  University agreed and withdrew its request on that date, as set forth in attached Exhibit **M**.

16.     On September 6 and 14, 2018, County requested and received clarifications from the University on pending document requests, including verification the information was requested by the public institution, itself, and distinguishing between exemptions of RCW 70.48.100 for adults and RCW 13.50.280 for juveniles, as set forth in attached Exhibit **N**.

17.     On September 17, 2018, County sent a 'First Installment' of records to the University under GR 31.1, as set forth in attached Exhibits **O** & **P**.

18.     On September 18, 2018, County was notified by a legal representative of ICE/DHS that federal code, 8 CFR § 236.6, prohibited County from releasing any ICE/DHS-related documents, other than the First Installment, as set forth in attached Exhibit **Q**.  8 CFR § 236.6 reads in relevant part that "[n]o person, including any state or local government entity or any privately operated detention facility," that houses, as in the present matter, juvenile immigration detainees "and no other person who by virtue of any official or contractual relationship with such person obtains information relating to any detainee, shall disclose or otherwise permit to be made public" information about such detainees.

19.     On October 11, 2018, County was notified by U.S. Attorney's Office (USDOJ) representatives for ICE/DHS, reaffirming the federal position that under federal code, 8 CFR § 236.6, County was directed by ICE/DHS to not release any ICE/DHS-related documents or

COMPLAINT FOR DECLARATORY RELIEF - 4

COWLITZ COUNTY PROSECUTING ATTORNEY
Hall of Justice – Civil Division
312 S.W. First Avenue
Kelso, Washington  98626
(360) 577-3080   FAX (360) 414-9121

1   information regarding ICE/DHS juvenile detainees under GR 31.1 or any other state law, other

2   than the First Installment of records already released, as set forth in attached Exhibit **R**.

3         20.     On November 6, 2018, County's legal counsel notified the University that the

4   public records coordinator for Superior Court was out on unanticipated, extended personal

5   leave, and that the next installment would be delayed, as set forth in attached Exhibit **S**.

6         21.     On November 7, 2018, the University acknowledged this request for additional

7   time by County, as set forth in attached Exhibit **T**.

8         22.     On December 5, 2018, counsel for County notified a representative of the

9   Washington Office of Attorney General (WA-AGO) assigned to the University regarding

10   USDOJ's and ICE/DHS's directives that federal code, 8 CFR § 236.6, prohibited County from

11   releasing any more ICE/DHS-related records, other than the First Installment, and counsel for

12   County requested assistance in interpreting applicability of the state law, as set forth in

13   attached Exhibit **U**.  Other state Attorneys General have advised that 8 CFR § 236.6 is an

14   absolute prohibition on release of such 'confidential' information by state entities, as with the

15   Attorney General of Texas in attached Exhibit **V**.

16         23     As a consequence of USDOJ's and ICE/DHS's application of 8 CFR § 236.6 as

17   an absolute prohibition on release of any information, and because the County was willing to

18   release and University was will to accept redacted versions of records, use and exhaustion of

19   any internal or external reviews under state GR 31.1(d) and Cowlitz GR 31.1, § 8.0 regarding

20   this request are deemed futile.

21         24.     Also within its notification and inquiry to the WA-AGO, County observed that

22   although the federal code, 8 CFR § 236.6, has been applied in other states in the past to

23   prohibit local venues from releasing ICE/DHS-related records, a recent U.S. District Court

24   case from California, *United States v. State of California, et al.*, No. 2:18-cv-00490-JAM-

25   KLN, could support conditional release of information to the University, as the California

26

COMPLAINT FOR DECLARATORY RELIEF - 5

1   court ruled in preliminary injunction that this federal code, as worded, prohibited disclosure of

2   ICE/DHS-related records to the general public and not necessarily to public entities for public

3   purposes.  See *California* rulings, attached as Exhibits **W** (pp. 16-19) & **X** (p. 3).

4        25.    The *United States v. State of California, et al.*, has been appealed by plaintiff

5   United States to the Ninth Circuit Court of Appeals as No. 18-16496, with other states filing

6   *Amicus Curiae* in support of California (including Attorney General of Washington), and

7   parties filing *Amicus Curiae* in support of United States (including Attorney General of Texas).

8        26.    The University contacted County, and advised County that the WA-AGO would

9   not be providing guidance or assistance in this particular matter, and that County must proceed

10   on its own volition as to whether and by what measure to release ICE/DHS-related records

11   under 8 CFR § 236.6 to the University, as set forth in Exhibit **Y**.

12        27.    On December 21, 2018, having been notified by the University that the Office

13   of Attorney General would not be providing a legal advice or assistance in this matter but

14   would instead react to County's actions, County advised ICE/DHS and a USDOJ

15   representative inquired about participation in any state litigation filed in the matter, as set forth

16   in attached Exhibit **Z**.

17               **IV.**    **CLAIM FOR DECLARATORY JUDGMENT**

18        28.    Plaintiff incorporates by reference paragraphs 1 through 27, above.

19        29.    County's Youth Services Center, or any office or department of Cowlitz

20   County, in possession of emails of the judiciary are deemed to be bailees of the Cowlitz

21   Superior Court, holding the judicial records governed by GR 31.1 on behalf of said Court, and

22   as such, have no independent authority to release judicial records without clear statutory

23   exemption or without express written authority from said Court as set forth in GR 31.1(k)(5)

24   and Cowltiz GR 31.1 § 6.0, Public Records Officer.

25

26

COMPLAINT FOR DECLARATORY RELIEF - 6

30.     The Public Records Act, chapter 42.56 RCW (the "Act") does not apply to juvenile records in the possession of the judiciary.  As such, the Act does not require County or any other department or office of Cowlitz County to respond to University's request for records of County's Youth Services Center, except as provided for in GR 31.1, and that County would apply or waive exemptions to release of documents under GR 31.1.

31.     University's request for records of County's Youth Services Center, pursuant to RCW 13.50.280 and any GR 31.1 waiver of exemptions, involve the juvenile detainees of ICE/DHS and for which ICE/DHS, pursuant to 8 CFR § 236.6, has demanded County not release such records and has further directed that University's records request must go to ICE/DHS to be addressed solely under federal law.

## V.     PRAYER FOR RELIEF

County respectfully requests the following relief from the Court:

A.     A declaratory judgment declaring that County's Youth Services Center, or any office or department of Cowlitz County, in possession of emails of the judiciary are deemed to be bailees of the Superior Court, holding the judicial records governed by GR 31.1 on behalf of the Court, and as such, have no independent authority to release judicial records without clear statutory exemption or without express written authority from the Cowlitz County Superior Court, as set forth in GR 31.1(k)(5) and Cowltiz GR 31.1 § 6.0, Public Records Officer.

B.     A declaratory judgement declaring the Public Records Act, chapter 42.56 RCW (the "Act") does not apply to records of the local, superior court judiciary, and as such, the Act does not require County or any other department or office of Cowlitz County to respond to University's request for records of County's Youth Services Center, except as provided for in GR 31.1, but that County in applying GR 31.1 would waive exemptions to release, thereunder.

C.     A declaratory judgment declaring that County may respond to the request for records by University, as a public institution, to County's Youth Services Center, pursuant to

COMPLAINT FOR DECLARATORY RELIEF - 7

1   RCW 13.50.280 and a GR 31.1 waiver of exemptions, regarding juvenile detainees of

2   ICE/DHS, but subject to such restrictions and protections on further release of such records to

3   the general public as may be deemed necessary and reasonable by the Court for purposes of

4   compliance with 8 CFR § 236.6.

5        D.      An award to County of its expenses and costs to the full extent allowed by law.

6        E.      Permission to amend the pleadings to add additional claims or parties to

7   conform to the proof offered at the time of the hearing or trial.

8        F.      Such other relief as appears to the Court to be just and equitable.

9

10       Dated this _31st_ day of _January_, 2019.

11                              Respectfully submitted,

12                              RYAN JURVAKAINEN, Prosecuting Attorney

13

14

15       By_____

16           DOUGLAS E. JENSEN, WSBA# 20127
             Chief Civil Deputy Prosecutor
16           Of Attorneys for Plaintiff

17

18       Hall of Justice – Civil Division
         312 S.W. First Avenue
19       Kelso, Washington  98626
         TEL (360) 577-3080   FAX (360) 414-9121
20       Email:  jensend@co.cowlitz.wa.us

21

22

23

24

25

26

COMPLAINT FOR DECLARATORY RELIEF - 8